UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| AMY L. WHITE ARROYO, as Administratrix of the Estate of EDWIN ARROYO, | **COMPLAINT** |
| Plaintiff, | Civil Action No. |
| v. | |
| WEXFORD HEALTH SOURCES, INC., JOSE BOGGIO, M.D., DR. EUBANKS, M.D., ARIF SHAIKH, M.D., DEBORAH BARNDT, PA-C, AMY FLATT, PA-C, E. MARSH, R.N., BRIAN HOPKINS, R.N., MARIANNE EDWARDS, R.N., LOUISE PERZACKI, R.N., and JOHN/JANE DOES NUMBER 1 THROUGH 5, | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

Plaintiff Amy L. White Arroyo, as Administratrix of the Estate of Edwin Arroyo, by and through her attorneys, the Law Offices of Elmer Robert Keach, III, PC and Robert Peirce & Associates, P.C., complaining of Defendants, alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341, & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under the color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983.

2. This Court also has supplemental jurisdiction over claims asserted against under Pennsylvania State Law pursuant to 28 U.S.C. § 1367.

1

3. Plaintiff Amy L. White Arroyo is the wife of decedent Edwin Arroyo. Plaintiff obtained Letters of Administration on Behalf of the Estate of Edwin Arroyo on September 17, 2014. A copy of these Letters is attached hereto as **Exhibit A**.

4. Venue is proper under 28 U.S.C. § 1391 (e)(2) because Defendant Wexford Health Sources' principal place of business is Pittsburgh, Pennsylvania.

## **PARTIES**

5. The Plaintiff, Amy L White Arroyo, is the Administratrix of the Estate of Edwin Arroyo (the "decedent"), and resides in York County, Pennsylvania. Decedent Edwin Arroyo died on July 1, 2014.

6. Defendant Wexford Health Sources, Inc., ("Wexford Health") is a Pennsylvania Corporation, with its principal place of business being 501 Holiday Drive, Foster Plaza Four, Pittsburgh, Pennsylvania. At all times relevant herein, Defendant Wexford Health was the provider of medical care at the State Correctional Institution, Camp Hill.

7. Defendant Jose Boggio, M.D. is a physician who, at all times relevant herein, served as the Medical Director at the State Correctional Institution, Camp Hill, with his principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

8. Defendant Dr. Eubanks, M.D. is a physician who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with his principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

9. Defendant Dr. Arif Shaikh, M.D. is a physician who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with his principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

10. Defendant Deborah Barndt. PA-C, is a Physician's Assistant who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with her principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

11. Defendant Amy Flatt, PA-C, is Physician's Assistant who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with her principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

12. Defendant E. Marsh, R.N. is a Nurse who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with her principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

13. Defendant Brian Hopkins, R.N. is a Nurse who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with his principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

14. Defendant Marianne Edwards, R.N. is a Nurse who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with her principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

15. Defendant Louise Perzacki, R.N. is a Nurse who, at all times relevant herein, worked at the State Correctional Institution, Camp Hill, with her principal place of business being 2520 Lisburn Road, Camp Hill, Pennsylvania.

16. Defendants John/Jane Doe Number 1 through 5 are medical providers at the State Correctional Institution, Camp Hill, whose identities cannot presently be determined. The John/Jane Doe Defendants are have a principal place of business as 2520 Lisburn Road, Camp Hill, Pennsylvania.

**FACTS**

17.     Decedent Edwin Arroyo was incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania, starting on November 15, 2013.

18.     Prior to his entrance to SCI Camp Hill, Mr. Arroyo had been diagnosed with a possible case of throat cancer, and was scheduled to have a biopsy and begin treatment shortly before entering the facility.

19.     Immediately upon entering SCI Camp Hill, Mr. Arroyo began to detail his condition to various medical providers, including all of the Defendants named above.  Mr. Arroyo's medical records are replete with references to his throat pain, his having difficulty speaking, and his coughing up blood.  Mr. Arroyo's records further reference, on several occasions, that he was likely suffering from throat cancer.  Mr. Arroyo's records also, importantly, contain several references to his need for a consultation with an otolaryngologist.

20.     Regardless, from the date of his entry into SCI Camp Hill until he was ultimately transferred from the facility on or about March 6, 2014, Mr. Arroyo received no treatment for his throat cancer except special mouthwash.

21.     Shortly after being transferred, Mr. Arroyo was admitted into the University of Pittsburgh Medical System and diagnosed with laryngeal cancer.  Despite the efforts of UPMC doctors, Mr. Arroyo's cancer progressed forward unabated, resulting in his death on July 1, 2014.

22.     During all times relevant herein, the Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the Commonwealth of Pennsylvania.

23.     Defendants knew or should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of decedent Edwin Arroyo.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

**Violation of Constitutional Rights under Color of State Law**
**-- Deliberate Indifference to Serious Medical Needs --**

24. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

25. Under the Eighth Amendment to the United States Constitution, detainees held by government agencies have a right to be free from cruel and unusual punishment. Actions of government officials or other state actors demonstrating deliberate indifference to the serious medical needs of detainees represent cruel and unusual punishment.

26. Defendants' actions, detailed above, violated Mr. Arroyo's rights under the United States Constitution. Specifically, it was not objectively reasonable for the Defendants to ignore Mr. Arroyo's serious medical needs, including his suffering from cancer, and provide him with no appreciable treatment in the face of that grave diagnosis.

27. The Defendants' actions demonstrated a deliberate indifference to Mr. Arroyo's serious medical needs.

28. All of the individual Defendants were acting in their capacity either as supervisors and/or employees of the Commonwealth of Pennsylvania and/or Wexford Health and therefore acted under color of state law. Their actions and inactions also represent a violation of 42 U.S.C. § 1983.

29. Defendant Wexford Health is directly responsible for this constitutional violation, as they are provided a service – namely, health care for prisoners – that is traditionally fulfilled by the government.

30. The above-named individual Defendants' actions were motivated by bad faith and malice.

31. As a direct and proximate result of the unconstitutional acts described above, Mr. Arroyo has suffered irreparable injuries when he died.

32. The Estate expressly seeks damages for conscious pain and suffering, given that Edwin Arroyo suffered immeasurable pain as he slowly died from cancer. The Estate also seeks damages for Edwin Arroyo's loss of life.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT WEXFORD HEALTH SOURCES AND JOSE BOGGIO**

**--Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights/ Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and/or Failure to Train and Supervise Employees under Color of State Law--**

33. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

34. Upon information and belief, Defendants Wexford Health and Jose Boggio were responsible for establishing policies and procedures to be utilized by the employees of Wexford Health at SCI Camp Hill. These defendants were also responsible for training and supervising their subordinates.

35. It is well established that the Eighth Amendment of the United States Constitution requires county jails to adopt appropriate policies and procedures to ensure that detainees receive treatment for serious medical needs. Upon information and belief, the Defendants knew or should have known that detainees in the jail were not receiving appropriate medical treatment.

36. In the alternative, Defendants have instituted appropriate polices, but then through gross negligence and carelessness have demonstrated deliberate indifference to the constitutional rights of citizens by failing or intentionally refusing to enforce them.

37. Furthermore, given the allegations detailed at length above, Defendants failed to institute an appropriate training regimen on a variety of subjects, including treating cancer and ensuring that detainees with emergent medical needs receive appropriate and timely care from outside medical providers. This is evident given the allegations detailed above.

38. In the alternative, Defendants have instituted training regimens to address the issues listed above, but then have, through gross negligence and carelessness, demonstrated deliberate indifference to detainee's rights by failing to adequately hire, screen, train and/or supervise Wexford Health employees at SCI Camp Hill.

39. These policies, procedures, and practices of the above-named Defendants violated the rights of decedent Kenneth Edwin Arroyo.

40. As a direct and proximate result of the unconstitutional acts described above, Mr. Arroyo has suffered irreparable injuries when he died.

41. The Estate expressly seeks damages for conscious pain and suffering, given that Edwin Arroyo suffered immeasurable pain as he slowly died from cancer. The Estate also seeks damages for Edwin Arroyo's loss of life.

## AS AND FOR A THIRD CAUSE OF ACTION ALL DFENDANTS

### Violation of State Law – Survival/Wrongful Death/Conscious Pain and Suffering/Medical Malpractice/Corporate Negligence

42. Plaintiff incorporates by reference and realleges each and every allegation stated herein.

43. The actions and inactions of the above named Defendants represent a claim for survival, conscious pain and suffering and wrongful death under the laws of the Commonwealth of Pennsylvania. These actions also represent claims for medical malpractice against the physicians detailed as Defendants above, and further represents corporate negligence on the part of Wexford Health, who is responsible for the actions and inactions of its various employees. Specifically, the lack of medical care provided to Edwin Arroyo, who suffered immensely prior to his death, was clearly negligent, and in fact is was grossly so.

44. As a direct and proximate result of the unconstitutional acts described above, Mr. McConville suffered irreparable injuries when he died.

## DEMAND FOR PUNITIVE DAMAGES

45. The actions of the Defendants described above were extreme and outrageous, and shock the conscience of a reasonable person. Therefore, an award of punitive damages is appropriate to punish the Defendants for their cruel and uncivilized conduct.

## DEMAND FOR TRIAL BY JURY

46. The Plaintiff hereby respectfully requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Amy L. White Arroyo, on behalf of the Estate of Edwin Arroyo, requests that this Honorable Court grant her the following relief:

  A. A judgment in favor of Plaintiff against all Defendants for compensatory damages in an amount to be determined by a properly charged jury;

  B. A judgment in favor of Plaintiff against all Defendants for punitive damages in an amount to be determined by a properly charged jury;

  C. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988;

  D. Any other relief that this Court finds to be just, proper and equitable.

        Respectfully Submitted By:

        s/ Elmer Robert Keach, III

Dated: November 17, 2015

        _____
        Elmer Robert Keach, III, Esquire
        Member of the Bar, USDC, WD Pa.
        LAW OFFICES OF ELMER ROBERT
         KEACH, III, PC
        One Pine West Plaza, Suite 109
        Albany, NY  12205
        Telephone: 518.434.1718
        Telecopier: 518.770.1558
        Electronic Mail:
        bobkeach@keachlawfirm.com

        D. Aaron Rihn, Esquire
        ROBERT PEIRCE & ASSOCIATES, PC
        707 Grant Street
        Suite 2500
        Pittsburgh, PA  15219
        Telephone:     412.281.7229

Telecopier:   412.281.4229
Electronic Mail:
arihn@peircelaw.com

**ATTORNEYS FOR PLAINTIFF**